IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT J. CLEMONS, | CASE NO. 1:21-CV-01970 |
| Petitioner, | JUDGE JEFFREY J. HELMICK |
| vs. | |
| WARDEN LEON HILL, | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT & RECOMMENDATION** |

      Petitioner Robert J. Clemons ("Petitioner" or "Mr. Clemons") brings this habeas corpus action pursuant to 28 U.S.C. § 2254. (ECF Doc. 1 ("Petition").) Through counsel, Mr. Clemons filed his Petition on October 18, 2021. (*Id.*) His Petition relates to his conviction for involuntary manslaughter with three-year firearm specification, having weapons while under disability with forfeiture specification, and tampering with evidence and his related aggregate prison sentence of twenty years in Cuyahoga County Common Pleas Case No. CR-17-614751, following a guilty plea on January 29, 2019. (ECF Doc. 1; ECF Doc. 6-1, pp. 10-11.) The Petition is fully briefed. (ECF Docs. 6 & 9.)

      This matter was assigned to the undersigned Magistrate Judge pursuant to Local Rule 72.2. For the reasons set forth in further detail herein, the undersigned recommends that the Court **DENY** Mr. Clemons's Petition because his ground for relief is not cognizable on federal habeas review and/or without merit.

1

# I. Factual Background

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.*; *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008).

The Eighth District Ohio Court of Appeals summarized the facts and history underlying Mr. Clemons's guilty plea as follows:

> {¶ 3} On January 29, 2019, Clemons withdrew his previously entered not guilty plea and entered into a plea agreement with the state. Under the plea agreement, the state amended Count 1 to involuntary manslaughter in violation of R.C. 2903.04(A). Clemons agreed to plead guilty to amended Count 1 and the attached three-year firearm specification, Count 5 and the attached forfeiture specification, and Count 6. The parties also agreed to a recommended 20-year prison sentence, which included 11 years on the underlying manslaughter charge, 3 years on the attached firearm specification, and 3 years each on Counts 5 and 6.
>
> {¶ 4} After the trial court engaged the defendant in a Crim.R. 11 colloquy, Clemons pleaded guilty to the charges as agreed. Counsel agreed that the trial court complied with Crim.R. 11. The trial court then found Clemons knowingly, intelligently, and voluntarily pleaded guilty, and it accepted the plea. The court proceeded directly to sentencing, during which the court imposed the agreed recommended sentence of 20 years imprisonment.

*State v. Clemons*, 2020-Ohio-674, ¶¶ 3-4, 2020 WL 948520, at * 1 (Ohio App. Ct. 2020); (ECF Doc. 6-1, pp. 44-45.)

# II. Procedural Background

**A.  State Court Conviction**

On March 13, 2017, a Cuyahoga County Grand Jury indicted Mr. Clemons on: one count of murder in violation on R.C. § 2903.02(A), with one- and three-year firearm specifications (Count 1); one count of murder in violation of R.C. § 2903.02(B), with one- and three-year

firearm specifications and forfeiture of a weapon specification (Count 2); two counts of felonious assault in violation of R.C. § 2903.11(A)(1) and § 2903.11(A)(2), with one- and three-year firearm specifications, notice of prior conviction specification, repeat violent offender specification, and forfeiture of a weapon specification (Counts 3 and 4); one count of having weapons under disability in violation of R.C. § 2923.13(A)(2), with forfeiture of a weapon under disability specification (Count 5); and one count of tampering with evidence in violation of R.C. § 2921.12(A)(1) (Count 6). (ECF Doc. 6-1, pp. 3-9.) Mr. Clemons entered an initial plea of not guilty as to all counts. (*Id*. at p. 10.)

On January 29, 2019, Mr. Clemons retracted his not guilty plea and entered a negotiated plea of guilty to: Count 1, amended to involuntary manslaughter in violation of R.C. § 2903.04, including a three-year firearm specification; Count 5, having weapons while under disability in violation of R.C. 2923.13(A)(2), with a forfeiture specification as charged in the indictment; and Count 6, tampering with evidence in violation of R.C. § 2921.12(A)(1), as charged in the indictment. (ECF Doc. 6-1, pp. 10, 98-114.) Counts 2, 3, and 4 were nolled. (ECF Doc. 6-1, pp. 10, 106.) The trial court accepted Mr. Clemons's guilty pleas, found him guilty, and sentenced him to an aggregate prison sentence of twenty years. (*Id*. at pp. 10-11, 106-13.)

Mr. Clemons did not file a timely direct appeal from his convictions or sentences.

**B.     Delayed Direct Appeal**

On May 10, 2019, Mr. Clemons filed a notice of appeal (ECF Doc. 6-1, pp. 12-15) and motion for leave to file delayed appeal pursuant to App. R. 5(A) (*id*. at pp. 16-20), asserting that he had not been "offered assigned counsel to perfect his appeal of right despite the fact the trial court declared him indigent" and his family had "recently . . . gathered the means to retain counsel for the purpose of pursuing an appeal" (*id*. at p. 17). On May 16, 2019, the Eighth

District Court of Appeals granted Mr. Clemons's motion for leave to file a delayed appeal and ordered a transcript at state expense. (*Id*. at p. 21.)

On August 13, 2019, Mr. Clemons filed his appellate brief (ECF Doc. 6-1, pp. 22-31), raising the following assignment of error:

> 1. The trial court erred in accepting appellant's guilty plea without notifying appellant of his constitutional rights during the Crim. R. 11 plea colloquy.

(*Id*. at pp. 27-30.) The State of Ohio filed its appellate brief on August 22, 2019. (*Id*. at pp. 32-42.) On February 27, 2020, the Eighth District Court of Appeals overruled Mr. Clemons's sole assignment of error and affirmed the judgment of the trial court. (*Id*. at pp. 43-51.)

**C.     Delayed Appeal to Supreme Court of Ohio**

Through new appellate counsel, Mr. Clemons filed a notice of appeal with the Supreme Court of Ohio from the February 27, 2020 court of appeals decision (ECF Doc. 6-1, pp. 52-54) and a motion for delayed appeal due to the "COVID-19 emergency" (*id*. at pp. 55-70) on May 21, 2020. The Supreme Court of Ohio granted the motion for delayed appeal. (*Id*. at p. 71.) Mr. Clemons raised the following proposition of law in his memorandum in support of jurisdiction:

> 1. A trial court must strictly comply with Crim. R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives his or her right to a jury trial. Where a trial court fails or omits to orally advise a defendant that a felony plea waives the right to jury trial, the defendant's plea is invalid and the conviction and sentence must be vacated.

(*Id*. at pp. 72-94.) The State filed a waiver of memorandum in support. (*Id*. at p. 95.) On July 21, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. (*Id*. at p. 96.)

**D.     Federal Habeas Corpus Petition**

Mr. Clemons raises one ground for relief in his Petition:

> **GROUND ONE**: Petitioner's guilty plea was constitutionally infirm and invalid, where the state trial court did not strictly comply with Ohio's Crim. R. 11 and failed to advise Petitioner that he was waiving his right to a trial by jury.

4

> **Supporting Facts**: During the change of plea hearing on January 29, 2017, the state trial court did not strictly comply with Ohio's Crim. R. 11(C)(2)(c) during the plea colloquy and failed to advise Petitioner that, by accepting the plea bargain and entering a plea of guilty to three felony charges, he was waiving his right to a trial by jury.
>
> The Ohio Supreme Court requires strict compliance with that constitutional rights advisory portion of Crim. R. 11. State v. Veney, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621; and State v. Brinkman, 2021-Ohio-2473 (decided exactly one year after the Court declined jurisdiction in Petitioner's very similar case).

(ECF Doc. 1 p. 6.)

### III.   Law & Analysis

**A.   Standard of Review Under AEDPA**

A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citing 28 U.S.C. § 2241); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process.") (internal citation omitted)); *see also Duett v. Warden, Noble Corr. Inst.*, No. 1:19-CV-725, 2020 WL 4933892, at *3 (S.D. Ohio Aug. 24, 2020) (explaining that a "[v]iolation by a State of its own procedural rules does not necessarily constitute a violation of due process").

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, April 24, 1996, 110 Stat 1214, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  Under 28 U.S.C. § 2254, federal courts may "entertain

5

only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies." *Id.* (citing 28 U.S.C. §§ 2254(a), (b), (c)). Further, if an application for writ of habeas corpus involves a claim that was "adjudicated on the merits in State court proceedings," the application "shall not be granted unless the adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181; *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007). The burden of proof rests with the petitioner. *See Cullen*, 563 U.S. at 181.

**B.     Sole Ground for Relief**

In his sole ground for relief, Mr. Clemons asserts that federal habeas relief is warranted because the trial court failed to strictly comply with Ohio Crim. 11(C)(2)(c) when it did not orally advise Petitioner that he was waiving his right to jury trial before accepting his guilty plea. (ECF Doc. 1, p. 6; ECF Doc. 9, pp. 2-7.) Petitioner contends that his guilty plea was constitutionally invalid, and that his conviction and sentence must be vacated. (*Id.*)

Respondent argues that the Petition should be denied because the state court correctly and reasonably found that Mr. Clemons was informed of his right to a jury trial and entered a knowing and voluntary plea. (ECF Doc. 6, pp. 7-12.) Respondent also argues that the state court correctly and reasonably applied clearly established Supreme Court precedent in reaching its determination. (*Id.*)

6

For the reasons explained below, the undersigned concludes that Mr. Clemons's sole ground for relief is not cognizable on federal habeas review and/or is without merit. Accordingly, the undersigned recommends that the Court **DENY** the Mr. Clemons's Petition.

### 1. Legal Standard for Guilty Pleas

"[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford,* 400 U.S. 25, 31 (1970)); *see also Spencer v. Campbell*, No. 21-2610, 2021 WL 6197324, at *2 (6th Cir. Dec. 17, 2021) (quoting *Hill*, 474 U.S. at 56, quoting *Alford*, 400 U.S. at 31).

When a defendant enters a guilty plea, he waives a number of federal constitutional rights, including the right to trial by jury. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The Supreme Court has explained that wavier of these "important federal rights" cannot be presumed "from a silent record," *id*. at 243, and to satisfy the Due Process Clause, a defendant's waiver of his federal constitutional rights "must be an intentional relinquishment or abandonment of a known right or privilege," *id*. 243 n.5 (internal quotations and citations omitted). Thus, a guilty plea must "not only . . . be voluntary but must be knowing, [and] intelligent . . . with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *see also Boykin*, 395 U.S. at 243 n.5 ("[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void.").

"A plea is voluntary if it is 'entered by one fully aware of the direct consequences.'" *Spencer*, 2021 WL 6197324, at *2 (quoting *Brady*, 397 U.S. at 755). "The record should reflect that the defendant understood the rights being surrendered . . ." *Id*. "It is good procedure, therefore, for a state judge to conduct a careful inquiry into the defendant's understanding of the nature and consequences of his plea." *Roddy v. Black*, 516 F.2d 1380, 1384 (6th Cir. 1975). However, there is no requirement that a trial court separately enumerate each right waived and obtain separate waivers as to each right waived. *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975), *cert. denied,* 424 U.S. 973 (1976) (agreeing with other circuits that "*Boykin* does not require separate enumeration of each right waived and separate waivers as to each"); *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988) (same) (relying on *Fontaine*, 526 F.2d at 516), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). Instead, a determination as to the voluntariness of a plea is to be made upon consideration of "all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749.

**2.     State Court Adjudication of Guilty Plea**

In its February 27, 2020 opinion affirming Mr. Clemons's sentence and conviction, the court of appeals analyzed his argument that his guilty plea was invalid as follows:

> {¶ 6} In his sole assignment of error, Clemons contends that the trial court failed to advise him of his constitutional right to a jury trial during his guilty plea, in violation of Crim.R. 11(C)(2)(c), because the word "jury" is mentioned for the first time during the court's explanation of the state's burden of proof. According to Clemons, his guilty plea must therefore be vacated.
>
> {¶ 7} Where a defendant enters a guilty plea in a criminal matter, "the plea must be made knowingly, intelligently, and voluntarily, [and f]ailure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996); *see also State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. In determining whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must first review the record to determine whether the trial court complied with Crim.R. 11(C). *State v. Kelley*,

8

57 Ohio St.3d 127, 128-129, 566 N.E.2d 658 (1991); *State v. Brown*, 8th Dist. Cuyahoga No. 107933, 2019-Ohio-3516, ¶ 17.

{¶ 8} Crim.R. 11(C) delineates certain constitutional and procedural requirements with which a trial court must comply prior to accepting a guilty plea. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 9} The purpose of Crim.R. 11(C)(2) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981); *State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 5. In considering whether a plea was made knowingly, intelligently, and voluntarily, we examine the totality of the circumstances through a de novo review. *State v. Albright*, 8th Dist. Cuyahoga No. 107632, 2019-Ohio-1998, ¶ 16.

{¶ 10} Crim.R. 11(C)(2)(c) sets forth the five constitutional rights a trial court must advise a defendant he is waiving before the court can accept a guilty plea, which includes the right to a jury trial. *State v. Rembert*, 8th Dist. Cuyahoga No. 99707, 2014-Ohio-300, ¶ 8, citing *Boykin v. Alabama*, 395 U.S. 238, 242-243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court must strictly comply with advisements concerning a defendant's constitutional rights delineated in Crim.R. 11(C)(2)(c). *Rembert*. Where the trial court fails to explain these constitutional rights, it is presumed the plea was entered involuntarily and was unknowingly made and therefore invalid. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12.

{¶ 11} While the best practice of informing a defendant of his constitutional rights is to track the language contained in Crim.R. 11(C), stopping after each right and

asking whether the defendant understands the right and knows that he or she is waiving it by pleading guilty, the "failure to so proceed will not necessarily invalidate a plea." *Ballard* at 480; *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 14 (stating that a trial court's failure to "literally comply" with Crim.R. 11(C) does not in and of itself invalidate a plea); *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18, 27 (exact language is preferred, but rote recitation of the rule is not required for strict compliance). The focus, therefore, on review, "is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *Id.*; *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, 104641, 2017-Ohio-1049, ¶ 19, citing *State v. Gaines*, 8th Dist. Cuyahoga No. 102024, 2015-Ohio-2397, ¶ 6 (finding the "test for strict compliance" under Crim.R. 11(C)(2)(c) is whether the judge explained these rights in a manner reasonably intelligible to the defendant).

{¶ 12} Here, the record demonstrates that the court inquired of Clemons's age and education and whether he was under the influence of alcohol, medication, or drugs. Clemons replied that he is 56 years old, he has completed the 11th grade, and he was not under the influence of any drugs or medication. The court stated that it would explain to Clemons his trial rights and to "stop me at any time if you don't understand, okay?" Clemons responded, "Yes."

{¶ 13} The court then advised Clemons of his constitutional rights as follows:

> Court: You have an absolute right to go to trial. At trial you have the right to confront the witnesses against you through your counsel. If you cannot afford an attorney, one will be appointed at no cost to you. Do you understand that?
>
> Defendant: Yes.
>
> Court: The burden of proof at trial is on the state alone. At trial, the state must prove beyond a reasonable doubt each and every element of the charge by proof beyond a reasonable doubt unanimously to a jury of 12 or a judge if you waived a jury. You would have no burden of proof. Do you understand that?
>
> Defendant: Yes.
>
> Court: At trial you could present a defense, call witnesses, compel their appearance at trial by a subpoena, testify yourself and tell your own side of the story, or you could choose not to testify and the prosecutor could not comment upon that fact in violation of your Fifth Amendment right. Do you understand that?
>
> Defendant: Yes.

> Court: Has anyone threatened or coerced you into making this plea today?
>
> Defendant: No.
>
> Court: Do you understand if you plead guilty you are waiving your trial rights and obviously you're admitting the truth of the charges to which you are pleading?
>
> Defendant: Yes.

{¶ 14} Crim.R. 11(C)(2)(c) requires the trial court to inform the defendant and determine that the defendant understands "that by the plea the defendant is waiving the rights to jury trial." Although the court's initial statement that "you have an absolute right to go to trial" lacked the word "jury," the court further explained that this trial would be "to a jury of 12 or a judge if you waived a jury." The court's inclusion of "jury of 12" in the context of the discussion concerning the state's burden of proof offers further clarification of the defendant's "absolute right to go to trial," which trial could be heard by the judge alone or a jury of 12 people. The placement of the court's explanation in this context does not diminish the court's advisement of Clemons's right to a jury trial. *See State v. Cruz*, 8th Dist. Cuyahoga Nos. 108198, 108199, 108731, 2019-Ohio-5239 (finding strict compliance where the trial court initially advised the defendant that he has "the right to trial" and then in the context of explaining the defendant's right to confront witnesses advised the defendant that his case would be heard by the assigned judge "or by a jury of 12 people").

{¶ 15} Moreover, after each advisement of the defendant's rights, the court asked Clemons if he understood, to which Clemons replied that he did. Clemons never asked any questions or gave any indication that he did not understand his right to a jury trial, and there is nothing in the record suggesting that he did not fully understand that he had a right to a jury trial or that he was waiving that right by pleading guilty. Given the defendant's age, the defendant's responses to the court after each advisement, and the evident lack of any confusion expressed by the defendant, it is further reasonable to believe Clemons understood that he was waiving the rights associated with a jury trial, including the right to a trial by jury. *Cruz* at ¶ 13, citing *State v. Truitt*, 10th Dist. Franklin No. 10AP-795, 2011-Ohio-2271, ¶ 14.

{¶ 16} In light of the foregoing, we find that the trial court strictly complied with Crim.R. 11(C)(2)(c) when he advised Clemons of his right to a jury trial, and Clemons made a knowing, intelligent, and voluntary plea.

*Clemons*, 2020 WL 948520, at * 1-4; (ECF Doc. 6-1, pp. 45-50.)

As noted above, federal courts are limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle*, 502 U.S. at 67–68; s*ee also Lewis*, 497 U.S. at 780; *Engle*, 456 U.S. at 121 n.21. Thus, to the extent that Mr. Clemons's challenge is premised on alleged violations of state laws or state procedural requirements, the undersigned recommends that the Court **DENY** Ground One as non-cognizable on federal habeas review.

As it relates to Mr. Clemons's argument that "he was denied due process of law where the trial court failed to strictly comply with Ohio Crim. R. 11(C)(2)(c) and orally advise Petitioner, before accepting his felony guilty plea, that the plea waived his right to a jury trial," (ECF Doc. 9, p. 2; ECF Doc. 1, p. 6), he must establish either that the state court adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Cullen*, 563 U.S. at 181.

Respondent argues that "the state court correctly and reasonably determined that Clemons was informed that he was entitled to a jury trial, and entered his plea knowingly and voluntarily, by waiving that right" and that the state court of appeals "correctly and reasonably applied clearly established Supreme Court precedent to reach" its determination. (ECF Doc. 6, p. 12.) But Mr. Clemons relies on the United States Supreme Court decision in *Boykin* and various Ohio Supreme Court decisions to argue that the trial court "failed to strictly comply with Ohio Crim. R. 11(C)(2)(c), as required by Supreme Court of Ohio, where the trial court failed or omitted to orally advise Mr. Clemons of his right to a trial by jury" and that "a silent record with respect to the waiver of a constitutional right renders a plea invalid." (ECF Doc. 9, p. 6.) Thus,

12

Mr. Clemons contends that his plea is invalid because he did not knowingly and intelligently waive his right to trial by jury. (ECF Doc. 9, pp. 2-6.)

As an initial matter, Mr. Clemons's reliance on Ohio Supreme Court cases to support his request for a writ of federal habeas corpus is unavailing because, under § 2254(d)(1), a "decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (bracket in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). Ohio Supreme Court decisions are irrelevant under this standard.

The only United States Supreme Court case cited by Mr. Clemons is *Boykin*. (ECF Doc. 9, pp. 2, 6.) He argues that he is entitled to federal habeas relief under *Boykin* because the state trial court record is silent as to his right to jury trial, and that his waiver of the right to jury trial therefore cannot be presumed. (*Id*.) He explains:

> Nowhere in the . . . plea colloquy did the trial court advise Mr. Clemons of his right to trial by jury. The trial court simply mentioned "an absolute right to go to trial." The plea colloquy, as a whole, does not contain any advisement to Mr. Clemons that he was specifically waiving his right to a jury trial. The only mention of the word "jury" at all was during the trial court's explanation of the State's burden of proof.

(*Id*. at p. 6 (internal citation omitted).)

The Supreme Court in *Boykin* recognized that the right to trial by jury is one of the federal constitutional rights involved "in a waiver that takes place when a plea of guilty is entered in a state criminal trial." 395 U.S. at 243. In *Boykin*, "the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Id.* at 239. In that context, the Court concluded that it could not presume waiver of the right to jury trial and other important federal rights "from a silent record," and that the defendant was denied due process

13

because the record did "not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." *Id.* at 243–44.

Here, unlike *Boykin*, the record is not silent. As explained by the state court of appeals, the trial court posed questions to Mr. Clemons regarding his understanding and the voluntariness of his plea and waiver of rights. (ECF Doc. 6-1, pp. 48-50.) The transcript also reflects that the trial court was not silent as to Mr. Clemons's right to a jury trial. (ECF Doc. 6-1, p. 103.) First, the trial court explained to Mr. Clemons that he had an "absolute right to go to trial." (*Id.*) Later, it explained to Mr. Clemons that the burden of proof rested with the prosecution to prove the charges against him beyond a reasonable doubt "unanimously *to a jury of 12* or a judge *if you waived a jury.*" (*Id.* at p. 104 (emphasis added).) The state court of appeals did not presume waiver based on a "silent record." Rather, upon consideration of the relevant circumstances surrounding Mr. Clemons's plea, the state court of appeals explained and concluded that:

> Although the court's initial statement that "you have an absolute right to go to trial" lacked the word "jury," the court further explained that this trial would be "to a jury of 12 or a judge if you waived a jury." The court's inclusion of "jury of 12" in the context of the discussion concerning the state's burden of proof offers further clarification of the defendant's "absolute right to go to trial," which trial could be heard by the judge alone or a jury of 12 people. The placement of the court's explanation in this context does not diminish the court's advisement of Clemons's right to a jury trial.

(ECF Doc. 6-1, p. 49.) The state court of appeals also concluded that Mr. Clemons's plea was knowing, intelligent, and voluntary. (*Id.* at p. 50.) In this context, the undersigned finds that Mr. Clemons has failed to demonstrate that the state court of appeals's determination was contrary to or an unreasonable application of the Supreme Court's holdings in *Boykin*.

As explained above, there is no requirement that a trial court separately enumerate or obtain separate waivers as to each right waived. *Fontaine*, 526 F.2d at 516; *Sparks*, 852 F.2d at 885. Instead, a determination as to the voluntariness of a plea must be made upon consideration

14

of "the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749. While Mr. Clemons argues the trial court failed to strictly comply with Ohio rules "as required by Supreme Court of Ohio precedent" (ECF Doc. 9, p. 6), he has not identified any U.S. Supreme Court precedent which clearly establishes that his guilty plea was not knowing, voluntary, or intelligent.

Mr. Clemons also has not shown that the state court of appeals's determination that his plea was knowing, intelligent, and voluntary was based on an unreasonable determination of facts in light of the evidence. The Supreme Court has explained that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) (citations omitted)). Further, the Sixth Circuit instructs that this Court "should not second guess a state court's decision concerning matters of state law." *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001); *see also Suny v. Pennsylvania*, 687 F. App'x 170, 175 (3d Cir. 2017) ("[F]ederal courts generally will not consider whether the state court properly applied its own default rule to the petitioner's facts.") (citing and collecting cases, including *Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").)

This Court is therefore bound by the Ohio state court's finding that "the trial court strictly complied with Crim. R. 11 . . ." (ECF Doc. 6-1, p. 50.) Additionally, a review of the state court of appeals's decision shows that the court reasonably found: "after each advisement of the defendant's rights, the [trial] court asked Clemons if he understood, to which Clemons replied that he did"; "Clemons never asked any questions or gave any indication that he did not understand his right to a jury trial"; "there is nothing in the record suggesting that he did not fully

15

understand that he had a right to a jury trial or that he was waiving that right by pleading guilty"; and "Clemons made a knowing, intelligent, and voluntary plea." (ECF Doc. 6-1, pp. 49-50.)

The Supreme Court has explained that a state prisoner seeking a writ of habeas corpus from a federal court that under AEDPA "'must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington*, 562 U.S. at 103). The "standard is difficult to meet" and "was meant to be" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 102–03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)).

Here, Mr. Clemons has not shown that the state court of appeals's determinations—that his plea was knowing, intelligent, and voluntary, and that he had been advised of his right to a jury trial and understood he was waiving his right to jury trial—were contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence. Accordingly, the undersigned finds Ground One to be without merit.

## IV. Recommendation

For the reasons set forth above, the undersigned recommends that the Court **DENY** Mr. Clemons's Petition because his sole ground for relief is not cognizable on federal habeas review and/or without merit.

Dated: December 16, 2024

*/s/ Amanda M. Knapp*
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).